UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CLAUDETTE MARC,

    Plaintiff,

        v.                                  CASE NO.14-cv-23968

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, CLAUDETTE MARC ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for her Complaint against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227.

5.       Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

## PARTIES

6.       Plaintiff is a natural person who resides in Miami, Dade County, Florida.

7.       Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

8.       According to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

9.       Defendant is a business entity with an office located at 120 Corporate Blvd., Norfolk, Virginia 23502.

10.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

11.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.      Prior to the filing of this action, an account was placed with Defendant to collect funds from Plaintiff which were alleged to be owed and past due ("Debt").

13.      Based on the type debt Plaintiff allegedly owes, the alleged Debt arises from transactions which were for personal, family and/or household purposes.

14.      Around April 2014, Defendant started calling (786)230-65xx, Plaintiff's cellular telephone.

15.      Defendant called Plaintiff from telephone numbers (404)719-4368, (440)638-

5278, (731)345-4195, (731)345-4195, (205)396-3619, (620)263-3537, (412)235-6111, (817)500-4360, (620)860-1573, (510)343-3502.

16. The calls were placed to Plaintiff to attempt to collect the alleged Debt.

17. The calls were for a non-emergency-purpose.

18. Defendant used an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers ("auto dialer") to call Plaintiff

19. In or around April 2014, Plaintiff spoke to one of Defendant's employees, and instructed Defendant to stop calling her cell phone.

20. Plaintiff revoked any consent, actual or implied, for Defendant to call her cell phone.

21. Defendant continued to use an auto dialer to call Plaintiff's cell phone, calling Plaintiff up to three (3) times per day.

22. Defendant knowingly, willfully, and intentionally continued to use an auto dialer to call Plaintiff's cell phone.

23. Between May 20 and August 6, Defendant used an auto dialer to call Plaintiff's cell phone at least twenty-six (26) times.

24. Plaintiff is annoyed and feels harassed by Defendant's repeated collection calls to her cell phone.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

25. Defendant violated the FDCPA based on the following:

   a) Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff.

   b) Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's

3

cellular telephone to ring repeatedly and/or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

26. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

28. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

29. Plaintiff re-alleges and incorporates the foregoing paragraphs herein.

30. Defendant violated the FCCPA based on the following:

a) Defendant violated § 559.72(7) of the FCCPA by engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

31. Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

32. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

33. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## TELEPHONE CONSUMER PROTECTION ACT

34. Plaintiff re-alleges and incorporates the foregoing paragraphs herein.

35. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

37. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B),

38. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C),

39. All court costs, witness fees and other fees incurred

40. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi
Shireen Hormozdi (FBN 0882461)
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 x 267
Fax: (866) 861-1390
shormozdi@consumerlawcenter.com
Attorney for Plaintiff

5